UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RON RICHARD GRODER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00348-JAW |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION and | ) | |
| JOE BORNSTEIN AND | ) | |
| ASSOCIATES, | ) | |
| | ) | |
| Defendants | ) | |

RECOMMENDED DISMISSAL

In May 2026, Ron Richard Groder filed a pro se complaint in the Maine Superior Court (Kennebec County) against the Social Security Administration (SSA) and Joe Bornstein and Associates. *See* ECF Nos. 4-1 to 4-2. Groder purported to file proof that he served SSA by delivering a copy of the summons and complaint to SSA's Augusta field office on May 28, 2026. *See* ECF No. 4-2 at 2. On July 6, 2026, SSA removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1), explaining that its removal was timely because it had yet to be served properly. *See* ECF No. 1 at 1-2; Me. R. Civ. P. 4(d)(7) (providing that a party serving a United States agency must also serve the United States District Attorney for the District of Maine and the United States Attorney General); *N'Jai v. Boyd*, No. 1:24-cv-02068-JRR, 2024 WL 4651029, at *4 (D. Md. Nov. 1, 2024) (holding that 28 U.S.C. § 1446(b)'s thirty day deadline for removal did not begin to run when the plaintiff's service of the defendant United States agency did not comply with the state court rules for such service). Thereafter,

1

SSA filed the state court record and moved for an order directing the Plaintiff effectuate proper service on it. *See* ECF Nos. 4, 6.

I agree with SSA that its notice of removal was timely and that this Court has jurisdiction under section 1442(a)(1). Rather than direct Groder to serve SSA properly, however, I recommend that the Court exercise its inherent power and **DISMISS** Groder's frivolous complaint and **MOOT** SSA's motion. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (recognizing that district courts have the inherent authority to dismiss frivolous complaints). In his largely illegible and incomprehensible handwritten complaint, Groder seemingly asserts that he is entitled to money (or, perhaps, benefits) from SSA because Waterville law enforcement officers targeted his home with equipment, towers, and satellites to terrorize and attempt to murder him; poison his food and drink with bleach and "Transgender" medications; and alter the natural state of his mind. ECF No. 4-2. These obviously frivolous claims are subject to dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." (cleaned up)).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered*

2

*pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: July 30, 2026

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge